**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                    :
FRANCISCO DEMOSCOSO,                :
                                    :          Civil Action No. 18-3826(ES)
            Petitioner,             :
                                    :
        v.                          :          MEMORANDUM OPINION
                                    :
STEVEN JOHNSON,                     :
                                    :
            Respondent.             :
                                    :
_____:

**SALAS, DISTRICT JUDGE**

Petitioner Francisco Demoscoso ("Petitioner"), an individual currently confined at New

Jersey State Prison in Trenton, New Jersey, filed the instant petition for a writ of habeas corpus

("Petition") pursuant to 28 U.S.C. § 2254. (D.E. No. 1). The Court has reviewed the relevant

records and the parties' submissions. As explained more fully below, the Court finds that the

Petition contains both exhausted and unexhausted claims. Because the Court may not adjudicate

such a petition, the Court will permit Petitioner to elect between (i) withdrawing his unexhausted

claim and having the Court rule on his remaining claim; or (ii) requesting a stay pursuant to *Rhines*

*v. Weber*, 544 U.S. 269 (2005), to return to state court to exhaust his unexhausted claim.

## I.     BACKGROUND

The Court recounts only the facts necessary to assess whether Petitioner has fully exhausted

the grounds for habeas relief alleged in the Petition. The following recitation of facts by the New

Jersey Superior Court, Appellate Division provides relevant background:

> On September 17, 2010, a jury found defendant guilty of first degree
> attempted murder, second degree aggravated assault, and two

weapons offenses. He was sentenced on January 31, 2011, to an extended aggregate term of fifty years with an eighty-five percent period of parole ineligibility. On appeal, defendant raised claims of prosecutorial misconduct and an excessive sentence. In an opinion dated March 27, 2014, the Appellate Division affirmed his convictions and sentence. *State v. Demoscoso*, A-1726-11 (App. Div. Mar. 27, 2014). The Supreme Court denied certification. *State v. Demoscoso*, 220 N.J. 40 (2014).

On November 14, 2014, defendant timely filed his first petition for PCR, claiming his attorney was ineffective for failing to locate a witness who would have challenged co-defendant's testimony against him, and for failing to raise at trial an issue concerning a sleeping juror. On February 5, 2016, the trial court denied the petition.

The court found defendant had not established a prima facie case of ineffective assistance as to the failure to investigate claim and that determination is not challenged in this appeal. As to the argument about the sleeping juror, the court found "this should have been raised on appeal and, therefore, [is] barred here." On the merits, the court found the judge did address the issue and the record showed the juror was not sleeping. The court noted the prosecutor could see the juror's eyes, although defense counsel's view of the juror was blocked. Also, when the court asked the juror if he was okay, he immediately responded he had a "little headache." Because of that brief colloquy, the PCR court determined that "the judge found the explanation of the juror both plausible and credible" and that no further inquiry was necessary.

(D.E. No. 12-10, *State v. Demoscoso*, No. A-3685-15T4, *Sua Sponte* Order at 1–2 (N.J. Super.

Ct., App. Div., March 10, 2017)).

As the Appellate Division notes, Petitioner filed a direct appeal of his conviction raising

the following claims:

POINT I

THE PROSECUTOR'S REPEATED ATTEMPTS TO CONVEY TO THE JURY THAT ANNA NIETO FEARED RETRIBUTION FROM [PETITIONER] IRREPARABLY TAINTED THE TRIAL.

POINT II

IN HIS OPENING STATEMENT, THE PROSECUTOR SET AN IMPERMISSIBLE TONE BY BOTH VOUCHING FOR HIS WITNESSES AND APPEALING TO THE JURORS' EMOTIONS.

POINT III

BY INEXCUSABLY FAILING TO INSTRUCT CODEFEDNANT MONJARAS, EVEN AFTER DIRECTED BY THE COURT TO DO SO, NOT TO REFER TO DEFENDANT'S PRIOR CRIMINAL RECORD, THE PROSECUTOR WAS DIRECTLY RESPONSIBLE FOR HER TESTIMONY THAT A DETECTIVE CAME TO THEIR HOME ACCOMPANIED BY [PETITIONER'S] PAROLE OFFICER. THIS MISCONDUCT WARRANTS REVERSAL.

POINT IV

THE COURT ERRED IN REFUSING DEFENSE COUNSEL'S REQUEST FOR A MISTRIAL.

POINT V

THE AGGREGATE 50-YEAR NERA TERM IMPOSED WAS MANIFESTLY EXCESSIVE UNDER ALL APPLICABLE CIRCUMSTANCES.

(*See* D.E. No. 12-3 at 5). Petitioner also filed a Petition for Post-Conviction Relief ("PCR") in which he argued he was denied effective assistance of counsel because trial counsel: (i) "failed to adequately investigate [P]etitioner's relation to codefendant, Maria Monjaras, and thus failed to procure a witness to testify in order to eviscerate Miss Monjaras' testimony against [P]etitioner," and (ii) "failed to [ ] sufficiently address the issue of a sleeping juror." (*See* D.E. No. 10-26, PCR court oral opinion, February 5, 2016, at 9:23–10:5). On February 5, 2016, following a PCR hearing, the PCR court denied Petitioner's PCR in an oral opinion. (*See id.*)

On appeal of his PCR denial, Petitioner raised only one claim:

THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE [PETITIONER] ESTABLISHED A PRIMA FACIE CASE OF COUNSELS' INEFFECTIVENESS FOR FAILING TO PURSUE THE ISSUE OF AN ALLEGED SLEEPING JUROR.

(*See* D.E. No. 12-8 at 24). The Appellate Division affirmed the PCR finding that the claim was barred because it could have been raised on direct appeal and alternatively the claim was meritless. (See D.E. No. 12-10 at 3–4). Petitioner subsequently filed a petition for certification to the New Jersey Supreme Court in which he raised only the issue presented to the Appellate Division. (*See* D.E. No. 12-11). The petition for certification was denied on May 30, 2017. (*See* D.E. No. 12-13).

Petitioner timely filed a habeas Petition in March 2018. (*See* D.E. No. 1). The Petition contains the following five grounds for relief. (*See id.* at 6–15).

> Ground One
>
> Petitioner's Sixth Amendment right to the effective assistance of trial counsel was violated by counsel's failure to conduct a thorough pre-trial investigation, contact exculpatory witnesses, or investigate the case as it regards co-defendant Maria Monjaras and Ana Nieto's motives for testifying.
>
> Ground Two
>
> Trial counsel rendered ineffective assistance by failing to confront the issue of juror # 4 apparently sleeping during the trial and failing to move for a mistrial on these grounds.
>
> Ground Three
>
> Trial and appellate counsel provided ineffective assistance for their failure to appeal the trial court's denial of a motion for mistrial following repeated attempts by the prosecutor to violate Petitioner's right to a fair trial as guaranteed by the Sixth and Fourteenth Amendments.
>
> Ground Four
>
> Petitioner's allegations as set forth in his previous PCR submissions warranted an evidentiary hearing as they met the "prima facie" standard. The PCR Court's failure to order such a hearing denied Petitioner his due process rights as guaranteed by the Sixth Amendment.

Ground Five

> Petitioner alleges the sentence imposed was excessive. An evidentiary hearing was warranted to discuss the aggravating factors used to increase the sentence.

(*See id.*)

## II.    LEGAL STANDARD

Under the Antiterrorism Effective Death Penalty Act ("AEDPA"), this Court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the petitioner has exhausted the remedies available in the courts of the State or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B). *See Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Toulson v. Beyer*, 987 F.2d 984, 986-87 (3d Cir. 1993). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The burden is on the habeas petitioner to prove exhaustion." *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005). The exhaustion doctrine mandates that the claim "must have been 'fairly presented' to the state courts." *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). "Fair presentation means that a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) (citations and internal quotation marks omitted). In sum, the exhaustion doctrine requires the petitioner to afford the state courts "the opportunity to resolve the federal constitutional issues before he goes to the federal court for habeas relief." *Id.* (quoting *Zicarelli v. Gray*, 543 F.2d 466, 472 (3d Cir.1976)); *see also Gould v. Ricci*, No. 10-1399, 2011 WL 6756920, at *2 (D.N.J. Dec. 19, 2011) (explaining same). The

exhaustion doctrine thus requires a petitioner challenging a New Jersey conviction under § 2254 to have fairly presented each federal ground that is raised in the petition to all three levels of the New Jersey courts: the Law Division, the Appellate Division, and the New Jersey Supreme Court. *See O'Sullivan*, 526 U.S. 838; *Rose v. Lundy*, 455 U.S. 509 (1982).

## III.   ANALYSIS

Here, it appears from the record submitted by Respondents that Petitioner did not raise each ground for relief in his habeas Petition to every level of the state court. The Court has compared the grounds and legal arguments raised in Petitioner's state proceedings with the grounds raised in Petitioner's federal habeas Petition, and it appears Ground One and a portion of Ground Four of Petitioner's habeas action are indeed unexhausted. (*See* D.E. Nos. 1, 128, 12-10, 12-11, 12-13 & 12-26). Petitioner's first claim alleges that trial counsel was ineffective for failing to conduct a thorough investigation into his case, by failing to contact exculpatory witnesses, and for failing to investigate co-defendant Maria Monjaras' and witness Ana Nieto's motives for testifying. (D.E. No. 1 at 6). Petitioner raised this issue during his PCR proceeding and the trial court denied it as meritless (*see* D.E. No. 12-26), however, he abandoned the claim before the Appellate Division. (*See* D.E. Nos. 12-8 at 20–27, 12-10 at 2 & 12-26 at 9:21–16:14). Petitioner's fourth claim alleges that the PCR court erred in not holding an evidentiary hearing on Petitioner's claims that: i) trial counsel was ineffective for failing to conduct a thorough investigation into his case; ii) trial counsel was ineffective for failing to address the issue of sleeping juror # 4; and iii) trial counsel was ineffective in failing to object, request a curative instruction, or request a mistrial based on the prosecutor's comments. (*See* D.E. No. 1 at 13–14). On PCR appeal before the Appellate Division, Petitioner only argued that the PCR court erred in not holding an evidentiary hearing on Petitioner's claim that trial counsel was ineffective for failing to address the issue of

sleeping juror # 4, the remaining portions of Petitioner's fourth claim were not brought before the Appellate Division. (*See* D.E. Nos. 12-8 at 20–27 and 12-10 at 2).

The Petition is therefore mixed (i.e., it contains both exhausted and unexhausted claims), and federal district courts may not adjudicate mixed petitions. *See Rhines*, 544 U.S. at 273. Normally, the Court is directed to dismiss a mixed petition without prejudice, *id.* at 274, but a stay and abeyance may be appropriate when a dismissal without prejudice would cause Petitioner to run afoul of the habeas statute of limitations and lose his opportunity to seek federal habeas review. *See id.* at 275–76. As the Supreme Court instructed, "stay and abeyance is . . . appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. District courts should grant a stay instead of dismissing a mixed petition "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. "[I]f a stay is not warranted, then the petitioner may elect to delete the unexhausted claims." *See Gould*, 2011 WL 6756920, at *3. "[I]f he does not delete the unexhausted claims, then the Court must either (a) dismiss the entire § 2254 petition as unexhausted, or (b) deny all grounds raised in the § 2254 petition on the merits, pursuant to 28 U.S.C. § 2254(b)(2)." *Id.* (internal citations omitted).

## IV.    CONCLUSION

For the reasons above, the Court will allow Petitioner **90 days** to submit a signed writing in which he either (i) elects to withdraw his unexhausted claims and have the Court rule on his remaining claims; or (ii) request a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), to return to state court to exhaust his unexhausted claims.[1] Any request by Petitioner for a stay pursuant to

---

[1]    The Court makes no determination whether Petitioner will meet the requirements for a stay.

*Rhines* must include facts showing that he had good cause for his failure to exhaust; his unexhausted claims are potentially meritorious; and he did not engage in dilatory tactics.  Failure to submit the signed writing within 90 days from the entry of this Opinion may result in a dismissal without prejudice of all of Petitioner's claims.  An appropriate Order accompanies this Memorandum Opinion.


Date: April 29, 2021

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
